COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-103-CR

RICARDO CISNEROS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ricardo Cisneros appeals three convictions for aggravated sexual assault of a child; he was sentenced to confinement for twenty-five years on count II, twenty-five years on count III, and forty years on count IV.  Cisneros argues in three points that his punishment for each count is excessive and grossly disproportionate to the offense. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

Here, Cisneros did not raise the issue of the alleged excessiveness or disproportionality of his sentences at trial or raise the issue in a motion for new trial.  He nonetheless argues that we should address his complaint on appeal “[b]ecause the disproportionality and excessiveness of the sentences imposed in this case rise to the level of constitutional infirmity.”  We have held on numerous occasions, however, that this type of claim must be preserved at the trial court level.  
See Acosta v. State
, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.);
 Miller v. State
, No. 02-05-00031-CR, 2006 WL 1791660, at *4 (Tex. App.—Fort Worth June 29, 2006, no pet.) (mem. op.) (not designated for publication); 
Hampton v. State
, No. 02-04-00290-CR, 2005 WL 1356483, at *3 (Tex. App.—Fort Worth June 9, 2005, no pet.) (mem. op.) (not designated for publication); 
Sims v. State
, Nos. 02-04-00053-CR, 02-04-00054-CR, 2004 WL 2792819, at *1 (Tex. App.—Fort Worth Dec. 2, 2004, pet. ref’d) (mem. op.) (not designated for publication); 
Bloch v. State
, No. 02-03-00363-CR, 2004 WL 2712149, at *3 (Tex. App.—Fort Worth Nov. 24, 2004, pet. ref’d) (mem. op.) (not designated for publication); 
Tipton v. State
, No. 02-02-00092-CR, 2003 WL 1564325, at *2 (Tex. App.—Fort Worth Mar. 27, 2003, pet. ref’d) (mem. op.) (not designated for publication)
.  Because Cisneros did not raise his complaint concerning the excessiveness or disproportionality of his sentences in the trial court, that complaint is forfeited.

We overrule each of Cisneros’s three points and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 11, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.